UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOHNATHAN POWELL                                                            **15-cv-**7070

                      Plaintiff,                                         **COMPLAINT**

    -against-                                                                   **JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER
TYRELL PARKER (Shield # 18441)
and POLICE OFFICERS "JOHN DOE #1-2"
(the names John Doe being fictitious as
their true names are presently unknown),

                      Defendants.
--------------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, P.O. Tyrell Parker (Shield #18441) and Police Officers "John Doe #1-2" (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the laws and statutes of the City and State of New York].

      2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, and malicious prosecution of Plaintiff and otherwise, for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a black male, is a resident of Brooklyn, Kings County, State of New York.

7. Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Upon information and belief and at all times relevant herein, defendant P.O. Tyrell Parker was a police officer employed by the defendant City of New York.

9. Defendants John Does #1-3 were police officers employed by defendant City of New York.

10. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

11. Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City, in compliance with General Municipal Law Section 50.

12. More than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On or about April 30, 2014, at approximately 6:00 p.m., plaintiff was arrested by defendants at a Men's Shelter located at 629 Chauncey Street, Brooklyn, New York where plaintiff worked as a security guard.

14. On the date aforesaid, a shelter client, Luis Siavichay, had left his wallet on the counter at the front desk. Plaintiff was not present at the front desk when the wallet was left on the counter. Plaintiff's coworker Thomas was at the front desk at the time.

15. When plaintiff took over at the front desk, he was told that a client had left a wallet on the counter, that the wallet was found and that it was on the front desk. The wallet was on the desk during the shift change with people moving back and forth in the area.

16. Plaintiff took the wallet from the desk where it was exposed and placed it inside the cubby area where they usually put lost and found items until the owners come to claim them.

17. Then plaintiff removed his work radio from the same cubby area and put the radio in his pocket.

18. Thereafter, plaintiff proceeded with his routine rounds in various parts of the facility before returning to the front desk.

19. Later the shelter client Mr. Siavichay returned to the front desk to ask about his

wallet. After conferring with the social service staff who had initially found the wallet, plaintiff brought the wallet out of the cubby area and gave same to Mr. Siavichay.

20. After receiving his wallet, Mr. Siavichay told plaintiff that he was missing some money from the wallet. Plaintiff asked him how much was missing, but he said he did not know how much money was missing.

21. Plaintiff informed the social services staff in the building about Mr. Siavichay's claim. And as the lead security guard in the shift, plaintiff called 911 to request that they police send some officers so that Mr. Siavichay can file a report.

22. Following the 911 call, some officers responded and when they arrived plaintiff's work place, they reviewed the tapes from a surveillance camera located in the area where the wallet had been left.

23. The tapes showed plaintiff placing the wallet in the console under the counter. It also showed him putting his work radio in his pocket. The first two officers responding said that they could not determine from the tapes that the thing plaintiff was putting in his pocket was the wallet. Therefore, they said they would write a lost property report for Mr. Siavichay.

24. However, shortly thereafter, a Police Sergeant (a female Hispanic) arrived and after speaking in Spanish with Mr. Siavichay who is also Hispanic, he instructed the other officers to arrest plaintiff and take him to the precinct to speak to a detective.

25. Plaintiff was arrested, handcuffed and transported to the 83rd police precinct where he was fingerprinted, photographed and detained in a holding cell.

26. Plaintiff was detained in the holding cell at the precinct until about 11 p.m. when he was taken to the Central Booking where he was further detained in a holding cell until about 9

p.m. the following day when he was brought before a judge.

27. Plaintiff was charged with grand larceny, petit larceny and criminal possession of stolen property. Upon arraignment, plaintiff was released on his own recognizance.

28. Following his release, plaintiff was required to return to court on numerous occasions to defend the false charges levied against him.

29. On or about October 30, 2014, all the charges levied against plaintiff were dismissed and sealed.

30. That each and every officer who responded to and/or was present at the location of plaintiff's arrest and/or at the precinct knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

31. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

32. Plaintiff suffered physical injuries, including bruises on his wrists from the tightness of the handcuffs. Moreover, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, loss of liberty, psychological trauma, pain, financial loss and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

33. Following plaintiff's arrest, he was suspended from his job by his employer pending the determination of the criminal case against him. However, after the dismissal of the case, plaintiff's employer refused and/or failed to call him back to his job.

34. Also, as a result of plaintiff's arrest and prosecution, his security license was suspended rendering plaintiff unable to get another job until the criminal case against him was

finally disposed.

35. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

36. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

37. Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

38. Plaintiff reiterates paragraphs 1 through 37 and incorporates such by reference herein.

39. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

40. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION:
### MALICIOUS PROSECUTION

41. Plaintiff reiterates paragraphs 1 through 40 and incorporates such by reference herein.

42. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

43. As a direct and proximate result of the misconduct and abuse of authority detailed

above, plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

44. Plaintiff reiterates paragraphs 1 through 43 and incorporates such by reference herein.

45. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

46. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

47. It was the policy and/or custom of the City to undertake inadequate and improper investigations of civilian complaints of police misconduct and to punish inadequately officers involved in complaints which were substantiated.

48. In addition to the named defendant officers assigned to the 83rd precinct, many other officers assigned to the Precinct routinely make unlawful arrests charging innocent persons with various crimes. Many of the arrests and charges made by officers assigned to the 83rd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

49. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs were implemented or tolerated by policymaking officials for defendant City including but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly

arise in the investigation and prosecution of criminal cases.

50. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The duty to properly review any exculpatory evidence that may exonerate an accused person.

51. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

52. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choices.

53. The aforementioned policymaking officials knew that the wrong choice by police

officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

54. As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

55. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

## AND AS FOR A FOURTH CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision Under State Law; Defendant City)

56. Plaintiff reiterates paragraphs 1 through 55 and incorporates such by reference herein.

57. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

58. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, was prevented from attending to his necessary affairs and suffered and continues to suffer significant physical and emotional pain, distress, humiliation and embarrassment.

## AND AS FOR AN FIFTH CAUSE OF ACTION:
### PENDENT CLAIM OF ASSAULT AND BATTERY

59. Plaintiff reiterates paragraphs 1 through 58 and incorporates such by reference herein.

60. By their conduct, as set forth above, defendant officers committed acts of unlawful assault and battery against plaintiff.

61. The defendant City is responsible for the assault and battery of plaintiff by the defendant officers as set forth above because the misconduct occurred while they were acting in the scope of their employment, specifically in the course of arresting plaintiff.

62. By reason of and as a consequence of the assault detailed above, plaintiff suffered the injuries herein described.

### AND AS FOR A SIXTH CAUSE OF ACTION: PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT

63. Plaintiff reiterates paragraphs 1 through 62 and incorporates such by reference herein.

64. Plaintiff was wrongfully, unlawfully and unjustifiably charged, arrested, detained and deprived of his liberty against his will, and was imprisoned by defendant officers and other unknown John Doe police officers.

65. At all relevant times, the defendant officers acted forcibly in apprehending plaintiff.

66. The wrongful, unjustifiable, and unlawful arrest, detention and imprisonment of plaintiff was carried out without a warrant.

67. The false arrest and imprisonment of plaintiff was without any justification or probable cause, and was forcible and against his will.

68. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

69. At all relevant times, the defendant officers and other John Doe police officers who were responsible for the false arrest and imprisonment of plaintiff were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business

of their employer and within the scope of their employment.

70. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A NINTH CAUSE OF ACTION
### PENDENT CLAIM OF GROSS NEGLIGENCE

71. Plaintiff reiterates paragraphs 1 through 70 and incorporates such by reference herein.

72. The conduct of the defendant officers in falsely arresting, detaining and battering plaintiff was grossly negligent and intended to cause plaintiff to suffer injury and extreme mental and emotional distress.

73. At all relevant times, said defendant officers were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

74. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR AN TENTH CAUSE OF ACTION
### PENDENT CLAIM - RESPONDENT SUPERIOR

75. Plaintiff reiterates paragraphs 1 through 74 and incorporates such by reference herein.

76. At all relevant times, all defendant employees of the City of New York were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

77. Consequently, the City is liable under the doctrine of *respondeat superior* for their tortious actions.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
December 7, 2015

                              LAW OFFICE OF PHILIP AKAKWAM, P.C.

                              By:  _____/s/_____
                                  Philip Akakwam, Esq.
                                  Attorneys for the Plaintiff
                                  303 Livingston Street, 2nd Floor
                                  Brooklyn, N.Y. 11217
                                  (718) 858-2488

Index No. 15-cv-7070

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHNATHAN POWELL

                Plaintiff,

  -against-

CITY OF NEW YORK, POLICE OFFICER
TYRELL PARKER (Shield # 18441)
and POLICE OFFICERS "JOHN DOE #1-2"
(the names John Doe being fictitious as
their true names are presently unknown),

                Defendants.

---

**COMPLAINT**

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____